IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY F. STANLEY,

    Plaintiff,                  No. CIV S-09-2450 GGH P

    vs.

WARDEN WONG, et al.,

    Defendants.           ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff does not appear to have filed a request to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). However, because plaintiff has apparently filed this action in the wrong judicial district, the court will not address that issue.

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

\\\\\

1  In this case, none of the defendants reside in this district. The claim arose in
2  Marin County, which is in the Northern District of California. Therefore, plaintiff's claim should
3  have been filed in the United States District Court for the Northern District of California. In the
4  interest of justice, a federal court may transfer a complaint filed in the wrong district to the
5  correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.
6  1974).
7  Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
8  United States District Court for the Northern District of California.
9  DATED: September 8, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/mp
stan2450.21